## Kulp, Appellant, *v.* Markley et al., Exrs.

*Principal and agent—Mortgage—Payment — Embezzlement by agent.*

Where a woman entrusts a sum of money to an agent for investment in a mortgage on a designated property, and the agent agrees to pay an existing but smaller undue mortgage on the property out of the funds entrusted to him, have it satisfied and pay over the balance to the mortgagors, and the mortgagors execute the mortgage, which is duly recorded, and receive from the agent the amount coming to them, but the agent fails to pay the other mortgage and satisfy it and embezzles the sum entrusted to him for the purpose, the woman must suffer the loss in the absence of evidence of any authority given to the agent by the mortgagee in the smaller and undue mortgage, to accept moneys in payment of the same at a time when it was not due and payable.

Argued April 13, 1920.    Appeal, No. 293, Jan. T., 1920, by plaintiff, from judgment of C. P. Luzerne Co., July T., 1917, No. 475, on verdict for defendant, in case of Mary E. Kulp v. William A. Markley et al., Executors of Amanda E. Markley, deceased.    Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ.    Affirmed.

Issue to determine proper distribution of fund raised by sheriff's sale of real estate.    Before Woodward, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendants on the essential point submitted to the jury.    Plaintiff in the issue appealed.

*Error assigned,* among others, was in directing the jury to find for defendants on the second question submitted to them.

*Thomas F. Farrell,* with him *H. L. Freeman,* for appellant.

W. A. Valentine, with him E. F. Heller, for appellees, cited: Provident L. & T. Co. v. S. G. Ins. Co., 53 Pa. Superior Ct. 66; Mynick v. Bickings, 30 Pa. Superior Ct. 401; Tarnogurski v. Rzepski, 252 Pa. 507.

PER CURIAM, May 10, 1920:·

In April, 1915, Mary E. Kulp, the appellant, placed $3,500 in the hands of Larned & Son for investment in a mortgage on a certain property in the Borough of Kingston, Luzerne County. At that time there was a mortgage on it, for $2,000, not yet due, held by Amanda E. Markley, appellees' decedent. Larned & Son agreed to pay this mortgage out of the $3,500 given to them by the appellant, to have it released and to turn over the balance to the mortgagors. They executed a mortgage to the appellant, for $3,500, which was duly recorded, and received from the Larneds what was coming to them, after deducting the amount of the Markley mortgage. The Larneds failed to pay this mortgage and embezzled the funds which the appellant had placed in their hands for its payment. Subsequently the property was sold at sheriff's sale on an execution issued upon a first lien, and the appellees claimed that out of the proceeds they were entitled to payment of their unsatisfied mortgage. This was resisted by the appellant, on the ground that Larned & Son were acting as agents for the appellees when she gave them the $3,500 and they agreed to have their mortgage satisfied. That proper distribution might be made of the proceeds of the sheriff's sale, an issue was framed in the court below to determine two questions: First, Did the Larneds receive the money from Mary E. Kulp for the purpose of paying the former mortgage, and, second, Did they have authority from the former mortgagee so to do? After all the testimony had been submitted, the jury were instructed to find in favor of the appellant on the first question, and for the appellees on the second. This was proper, for no other conclusions were possible. Whatever authority the Larneds may

have had from Mrs. Markley in making investments for her, there was no evidence of any authority given to them by her, or her executors, to accept moneys in payment of mortgages which had not become due and payable, and for the deceit which they practiced upon the appellant she unfortunately must suffer. She trusted them with her money under their promise to have the undue Markley mortgage satisfied, but they had no authority from Mrs. Markley to accept payment of it, and it stood at the time of the sheriff's sale an unsatisfied lien, having priority over the mortgage held by the appellant.

The judgment on the verdict must, therefore, be affirmed, and it is so ordered.